In the United States District Court

FILED 02 JUN '20 11:52 USDC-ORE

For the District of Oregon

Thomas Robert Murphy

V.

Alphabet Inc., doing business as "Google+" and "Twitter Inc".

Case No. 6:20-CV-893-MC

Hon. _____

Act. Revelation

## CAUSE OF ACTION

Negligence

Definition

A failure to behave with the level of care that someone of ordinary prudence would have exercised under the same circumstances. The behavior usually consists of actions, but can also consist of omissions when there is some duty to act (e.g., a duty to help victims of one's previous conduct).

The facebook product is unsafe: would you let your child play with a product, such as facebook, in which their unsupervised activity with the product, in this case unsupervised conversations between small-private groups of mostly teenagers whom already know each other mostly from their local schools and communities, could lead to (nexus) or cause harm to your child – specifically that your child could be stolen from you by unnamed-masked bandits, removed from the state he lives in, and prevented from speaking to you, and punished for years prior to any finding of conviction? Of course it is probably illegal then for the child to use the product, but let's say somehow it wasn't – then where is the proper training and safety warning and the parental signature or even parental liability?

A proper Miranda conducted by a cop, pertaining to an unwarranted, no-probable cause investigation must be made to each single participant. Therefore; absent the duty to act (Miranda its product users), the defendant is negligent in his duty.

CLAIM UPON WHICH RELIEF CAN BE GRANTED:

The plaintiff signed up for a Google + and Twitter account and used the applications for a short length of time, having signed up for GoogleADS per an advertisement online to do so, and was told that if he made "news articles," "videos," and developed and grew his GoogleADS account, consisting of Facebook, Twitter, YouTube, and Google+, that GoogleADS would automatically service and manage, sponsor and supervise an advertising campaign co-owned by the plaintiff, in which his only responsibility was to generate persons to his online group or news community.

Subsequently, after only a short period of use, the plaintiff was arrested without warrant and without probable cause, held without bail, per a pre-existing pre-emptive already-installed police monitoring and surveillance – arrest pursuant. *Use of warrantless surveillance exclusively for domestic security purposes is unlawful. United States v United States Dist. Court (1972) 407 US 297, 32 L Ed 2d 752, 92 S Ct 2125* – therefore the plaintiff does have an expectation to the right of privacy specifically pertaining to surveillance of his conversations with other persons that take place in a PG-rated environment and in a *public place*.

Plaintiff feels that if there was some signing over of his civil and human right, just as much as recording the conversations of two children walking home from school, that this supposed waiver or any hypothetical contract-agreement is only the omittance of another, more serious crime. Furthermore, the actual fact of arrest pursuant officers who had without Miranda or notice of any kind (who act specifically in collusion with the defendant for their grant of access to stored or real-time conversations) to show up as foreign-secret and unknown entities to whisk children or adults alike, protected American citizens and persons, pursuant to these illegally gained surveillance audio tapes or never before able to be gotten information, and put them in prison for as little three, two, or even just one alleged comment or remark taking place in such an aforementioned place, is an *atrocity*.

Furthermore, the plaintiff feels as if he was wrongly invited to produce parts of his regular and normal life for sale to the public, or such that the material would be produced in an online-magazine such as Google+ or Twitter is, but this actual format or writing format was never explained to plaintiff, and that to generate revenue and increase traffic flow, the plaintiff was induced to behave differently than he otherwise would, but feels that upon submission of such biographical article to his GoogleADS partner (such as a reporter submits an article for review to the New York Times, or a TV reporter, or a movie script) that they printed it and made money off it, but I go to prison for the article for years and years while the printing and publishing partner-agency suffers no consequence whatsoever. Simply put, where on earth is there a bigger and more prevalent and pressing claim of negligence to address in this modern age? One that affects children and adults alike.

The plaintiff also notes that nowhere on earth could similarly-legally bound public entities such as T.V. companies or major advertisers (top earners in the industry) get away without tort/negligence, fine, sanction, or complicity as far as showing material publically, such as on T.V., in a major magazine available on the newsstand, or the New York Times, nude images, cuss words, illegal advertisement directed to minors, proven/factual-libel, and collections of publically held filth invoking the laws of OSHA and the 4th Amendment for SIC or Condemned Buildings or Structures or even worse, similar laws pertaining especially to *public places*, which facebook is.

### Overview

Primary factors to consider in ascertaining whether the person's conduct lacks reasonable care are the foreseeable likelihood that the person's conduct will result in harm, the foreseeable severity of any harm that may ensue, and the burden of precautions to eliminate or reduce the risk of harm. *See* Restatement (Third) of Torts: Liability for Physical Harm § 3 (P.F.D. No. 1, 2005). Negligent conduct may consist of either an act, or an omission to act when there is a duty to do so. *See* Restatement (Second) of Torts § 282 (1965).

Four elements are required to establish a prima facie case of negligence:

1. the existence of a legal duty that the defendant owed to the plaintiff
2. defendant's breach of that duty
3. plaintiff's sufferance of an injury
4. proof that defendant's breach caused the injury (typically defined through proximate cause)

Pertaining to the aforementioned videos/evidence, facebook and the like are *manufactures* of conversation – the manufacturer has a duty to warn where the product supplied is dangerous; the danger is or should be known by the manufacturer; the danger is present when the product is used in the usual and expected manner; and.

*Therefore; also to provide Legally Adequate Warning Labels*: http://www.productliabilityprevention.com/images/6-LegallyAdequateWarningLabelsAConundrumforEveryManufacturer.pdf

AND CERTAINLY, A fiduciary duty is an obligation to act in the best interest of another party. For instance, a corporation's board member has a fiduciary duty to the shareholders, a trustee has a fiduciary duty to the trust's beneficiaries, and an attorney has a fiduciary duty to a client.

It is a well established and evidenced fact that prison is an extremely dangerous place and this plaintiff will present numerous and official studies to the jury to prove that *any single individual taken off to prison could easily end up further victimized, or even dead.* This nexus extrapolation and calculation is legally required to determine negligence: Determining a Breach:

When determining how whether the defendant has breached a duty, courts will usually use the Hand Formula (created by Judge Learned Hand in *United States v. Carroll Towing*):

- If B < PL, then there will be negligence liability for the party with the burden of taking precautions
    - B=burden of taking precautions
    - P=probability of loss
    - L=gravity of loss (gravity of the personal loss, not social loss)

If the burden of taking such precautions is less than the probability of injury multiplied by the gravity of any resulting injury, then the party with the burden of taking precautions will have some amount of liability.  Such as in: *Schwarz v Philip Morris Inc.*, 348 Or 442 (6/24/10) (Walters, De Muniz, Durham, Balmer, Kistler) (Gillette and Linder not participating).

Deceased smoker's husband sued Philip Morris for negligence, strict products liability, and fraud regarding "low-tar" cigarettes that decedent smoked. Philip Morris allegedly waged a massive disinformation campaign to create the perception of uncertainty about the health risks of cigarettes, when Philip Morris knew that research confirmed the harm caused by smoking. At trial, plaintiff offered expert testimony on the harm that Philip Morris's pattern of fraud had caused on nonparties. The trial court gave a jury instruction on punitive damages based on UCJI 75.05A (Oct 1997), which basically stated that "to recover punitive damages, [plaintiff] must show by clear and convincing evidence that defendant Philip Morris has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others. . . . Punitive damages, if any, shall be determined . . . based on . . . the likelihood at the time that serious harm would arise from the defendant's misconduct . . . and the degree of the defendant's awareness of that likelihood." (When this case was tried, the US Supreme Court had not ruled that the Constitution required any particular instruction on punitive damages.).

Philip Morris argued to the trial court that the jury instruction was incomplete because it "allowed the finder of fact to award of calculate punitive damages based on harms to persons other than Michelle Schwartz." Philip Morris proposed two alternative instructions, one stating that "you are not to impose punishment for harms suffered by persons other than the plaintiff before you", and the other stating that "you are not to punish a defendant for the impact of its conduct on individuals in other states," both of which the trial court declined to give. The trial court decided that the constitutionality of a punitive damages award "is more of a legal determination" for a court to make post-verdict.

The jury found against Philip Morris on all three theories, apportioning 49% fault to plaintiff on the negligence and strict liability claims. Jury awarded $118K in economic damages, $50K in noneconomic damages, $25 million in punitive damages on the negligence claim, $10 million in punitive damages on the strict liability claim, and $115 million in punitive damages on the fraud claim. On Phillip Morris's post-verdict motion to reduce those punitive damages, the trial court ruled that the award was "grossly excessive" and reduced the award to $100 million.

Prayer

Under ORS 31.600(1),"Contributory negligence shall not bar to recovery in an action by any person or the legal representative of the person to recover damages for death or injury to person or property if the fault attributable to the claimant was not greater than the combined fault of all persons specified in subsection (2)"; according to 31.600(2), "the Trier of fact shall compare the fault of the claimant with the fault of any part against whom recovery is sought, and the fault of any person with whom the claimant has settled. Being that there are only then two parties pertaining to this plaintiff's claim of negligence, then the Trier should automatically make the initial assumption that at least each of the two parties, the plaintiff v. clangorous, a.k.a., the defendant, "Et alia", therefore be it the Hand rule must be computed (naturally, or not function at all) by allotting each participant in a negligence suit 50% negligence even if there are more than two persons in suit.

Pursuant to ORS 31.610(1), "Except as otherwise provided in this section, in any civil action arising out of bodily injury, death or property damage, including claims for emotional injury or distress, loss of care, comfort, companionship and society, and loss of consortium, the liability of each defendant for damages awarded to plaintiff shall be several only and *shall not be joint*.

Pertaining to ORS 31.615, "Setoff of damages shall not be granted in actions subject to ORS 31.600 (Contributory negligence not bar to recovery) to 31.620 (Doctrines of last clear chance and implied assumption of risk abolished)."

As used in ORS 30.260(4), "Public body means: (b) A nonprofit corporation that is organized and existing under ORS chapter 65 and that has only political subdivisions or municipal, quasi-municipal or public corporations in this state as members; (c) A child-caring agency, as defined in ORS 4180205, that meets the criteria specified in ORS 278.322 (Child care facility liability insurance coverage); (d) A private, nonprofit organization that provides public transportation services if more than 50 percent of the organization's funding for the purpose of providing public transportation services is received from governmental bodies.

Pursuant to ORS 30.275(2), "Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity.

The plaintiff, having served two years in prison and still existing on stipulated pretrial release, still today suffers longingly from the defendant's negligent act.

Negligence is when someone acts carelessly and harms another.

There are two main ways states can treat negligence: comparative negligence and contributory negligence. In a traditional contributory negligence state, any fault on the plaintiff's part bars them from recovering for his or her losses, even if it's 1% fault vs. 99% fault. However, most states, including Oregon, have moved away from this draconian negligence regime to a system of comparative negligence.

Comparative negligence is a legal system where the defendant only pays for the percentage of fault that he or she is found responsible for. There are two main types of comparative negligence: pure and modified. In pure, the injured party can collect even if they are 99% at fault, but the defendant still owes for his 1% fault. In modified comparative fault, the majority model, the plaintiff only recovers if they are found 50% or 51% at fault or less. Oregon has a modified comparative negligence law.

Oregon Revised Statutes Sections 31.600 to 31.620, "the plaintiff can still collect as long as the fault attributed to him or her doesn't exceed 51% of the total fault."

Yours truly,

Thomas Robert Murphy

920 L St.

Springfield, OR 97477

X _____   Date: May 31st, 2020
Thomas R. Murphy
/s/